**UNITED STATES of America,
Plaintiff,**

v.

**Harold Paul WILLIAMS, Defendant.**

**Criminal No. 97–81204.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 17, 2001.

Jennifer Peregord, Assistant U.S. Atty., David Portelli AUSA, Detroit, MI, for plaintiff.

Craig Daly, Detroit, MI, for defendant.

### *ORDER GRANTING MOTION FOR RECONSIDERATION*

ANNA DIGGS TAYLOR, District Judge.

On November 9, 2000 this Court in a Memorandum Opinion and Order, in light

of *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999), granted Defendant Harold Paul Williams' motion to dismiss counts 4 and 6 of the superceding indictment which charged him as a felon in possession of firearms, pursuant to 18 U.S.C. § 922(a)(1), finding that at the time of his September 23, 1996 and January 13, 1998 weapon offenses, he was not a "convicted felon" within the meaning of 18 U.S.C. § 921(a)(20) as his civil rights under M.C.L.A. § 750.224f had been restored. On December 4, 2000, the Government filed a motion for reconsideration of this Court's Memorandum Opinion and Order, arguing that *Hampton* is non-controlling and inapplicable to this case. For the reasons set forth below, the Government's motion for reconsideration must be GRANTED and counts 4 and 6 must be reinstated to the superceding indictment against Defendant Williams.

Defendant Williams' was charged with: (1) possession of stolen mail, aiding and abetting, 18 U.S.C. § 1708(1) and (2); (2) producing false identification documents, aiding and abetting, 18 U.S.C. §§ 1028(a)(1); (3) possession of document-making implements, 18 U.S.C. § 1028(a)(5); (4) felon in possession of a firearm, 18 U.S.C. § 922(g); (5) false statement in acquisition of a firearm, 18 U.S.C. § 922(a)(6) and (6) felon in possession of firearm, 18 U.S.C. § 922(g). His predicate felony offenses, all specified felonies, are "Attempt to Possess Heroin", "First Degree Criminal Sexual Conduct", and "Carrying a Concealed Weapon".

Before this Court is the issue of whether the Government's motion for reconsideration raises a palpable defect by which the Court was misled when granting Defendant Williams' motion to dismiss counts 4 and 6 of the superceding indictment.

## Restoration of Civil Rights Under M.C.L. § 750.224f

Pursuant to 18 U.S.C. § 922(g), it is unlawful for a person convicted of a crime punishable by imprisonment for a term exceeding one year to ship, transport, or possess a firearm. *See* 18 U.S.C. § 922(g). What constitutes a conviction of such a crime is to be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction for which a person has had civil rights restored shall not be considered a conviction unless such restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. *See* 18 U.S.C. § 921(a)(20). "The law of the state of conviction ... determines the restoration of civil rights...." *Caron v. United States*, 524 U.S. 308, 316, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). To determine such restoration, a district court must "look to the whole of state law of the state of conviction to determine whether the 'convicted felon' is entitled to vote, hold public office and serve on a jury and also whether the 'convicted felon' is entitled to execute the privileges of shipping, transporting, possessing, or receiving a firearm." *United States v. Cassidy*, 899 F.2d 543, 548 (6th Cir.1990).

Under Michigan law, a felon's right to possess firearms is restricted even after his civil rights have been restored. A person convicted of a "specified felony" is prohibited from possessing a firearm for 5 years. *See* M.C.L. § 750.224f. A "specified felony" is a felony in which an element is the use, attempted use, or threatened use of physical force against the person or property of another. *See* M.C.L. § 750.224f(6)(i). The expiration of 5 years has occurred if the person has: (i) paid all fines imposed for the violation, (ii) served all terms of imprisonment imposed for the violation and (iii) successfully completed all

conditions of probation or parole imposed for the felony violation more than five years ago. *See* M.C.L. § 750.224f(2)(a). A person who is prohibited from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm under § 750.224f(2) may apply to the concealed weapons licensing board in the county in which he or she resides for restoration of those rights. *See* M.C.L. § 28.424(1).

 In this case, Defendant Williams' three predicate felony offenses are all specified felonies. His felony drug conviction is a specified felony pursuant to M.C.L.A. § 750.224f(6)(ii); his first degree rape conviction is a specified felony pursuant to M.C.L.A. § 750.224f(6)(i); and his carrying a concealed weapon (CCW) conviction is a specified felony pursuant to M.C.L.A. § 750.224f(6)(iii). Accordingly, his right to possess firearms under M.C.L.A. § 750.224f could not be restored until: (1) the expiration for 5 years after he paid all fines imposed for the violations, served all terms of imprisonment imposed for violations, and successfully completed all the conditions of probation or parole imposed for the violations, and; (2) applied to the concealed weapons licensing board in the county where he resided for the restoration of those rights. *See* M.C.L.A. § 750.224f(2); M.C.L.A. § 28.424. Parole stemming from Defendant Williams' latest predicate felony offense terminated on January 20, 1991. Therefore, the earliest date he was entitled to apply for restoration of his right to possess firearms was February, 1996, some seven months prior to his alleged possession of firearms on September 23, 1996. It is undisputed that Defendant Williams has never applied with a county concealed weapons licensing board to restore his rights to possess firearms. Consequently, having failed to satisfy the requirement of M.C.L.A. § 750.224f(2)(b), he was prohibited from legally possessing firearms on September 23, 1996.

In *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999), the defendant's predicate felony offense for the 18 U.S.C. § 922(g) conviction was a 1986 state CCW conviction.[1] More than 5 years had elapsed between the 1986 felony conviction and the 1994 weapons offense charged. The Sixth circuit found that defendant Hampton's civil rights had been restored pursuant to 18 U.S.C. § 921 as well as his right to possess a weapon under M.C.L. § 750.224f(6)(ii). The *Hampton* court is silent on the issue of whether defendant Hampton applied to have his right to possess firearms restored or whether he merely met all of the statutory requirements.

Both the *Hampton* defendant and Defendant Williams had CCW convictions and more than 5 years had elapsed between their respective parole termination dates and weapon offenses giving rise to 18 U.S.C. § 922(g) charges. Based on the seemingly similar facts and apparent applicability of *Hampton* to the facts of this case, this court granted Defendant Williams' motion finding that he was no longer a "convicted felon" under 18 U.S.C. § 921(a)(20) as the State of Michigan had fully restored his civil rights and that his failure to apply to a concealed weapons licensing board was not a bar to the restoration of his civil rights. The Court further found that "both the holding and dicta of *Hampton* suggested that Williams's failure to apply for restoration of his right to possess a weapon is inconsequential if his

---

1. The Sixth circuit in *Hampton* does not affirmatively state whether the defendant's conviction was for a specified or non-specified felony. Based on the CCW felony charge involved, this Court assumed the conviction was for a specified felony.

'key' civil rights to hold office, vote and serve on a jury were restored."

Now, however, the Court has reconsidered its earlier decision due to a distinguishing fact raised by the government in its motion for reconsideration. This fact, not raised by the government in any of its three earlier briefs, distinguishes *Hampton* from the case at bar.

## Reconsideration

Pursuant to Local Rule 7.1(g)(1)-(3), "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order. No response to the motion and no oral argument are permitted unless the court orders otherwise. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich.L.R. 7.1(g)(1)-(3).

In its motion for reconsideration, the government argues that *Hampton* is factually and substantively distinguishable and is therefore not controlling on the issue of whether Defendant Williams' civil rights had been restored. The government now argues that the *Hampton* defendant's predicate offense was a non-specified felony, a CCW conviction for carrying a set of nunchucks [2], and accordingly he was not required to apply to the county concealed weapons licensing board pursuant to M.C.L.A. § 28.424(1). The government states that Defendant Williams' three predicate felony offenses were specified felonies and he, unlike defendant Hampton, was required to apply to the local concealed weapons licensing board for restoration of his civil rights and his failure to do so makes him a "convicted felon" within the meaning of 18 U.S.C. § 922(g). Finally, the government argues that this distinguishing fact explains why the *Hampton* opinion does not address the M.C.L.A. § 28.424(1) requirement of applying with a county concealed weapons licensing board.

Prohibited from filing a formal response without leave of court, Defendant Williams' attorney contended, in a letter to the Court, that the Government's motion for reconsideration is untimely and therefore not properly before the Court.

■ The Court finds that the government has timely filed its motion as it was filed within 10 working days of the entry of judgment, pursuant to E.D.Mich. L.R. 7.1(g)(1) and Fed.R.Crim.P. 45(a). The Court further finds that the government has met its burden of demonstrating a "palpable defect by which the court was misled and that correcting that defect will result in a different disposition of the case." *See* E.D.Mich. L.R. 7.1(g)(1). For if the court was aware of the distinguishing fact raised in the government's motion prior to its earlier decision, it would have found that: 1) *Hampton* was not controlling; 2) Defendant Williams' was required to "apply to the concealed weapons licensing board in the county in which he ... reside[d] for restoration of" his civil rights and 3) he was a "convicted felon" pursuant to 18 U.S.C. § 922(g)(1) on the dates of his 1996 and 1998 weapon offenses. Accordingly, a palpable defect has been demonstrated.

Therefore, the government's motion for reconsideration must be GRANTED and

---

2. Nunchucks is a weapon which consists of two wood or metal cylinders attached to a cord or rope.

counts 4 and 6 of the superceding indictment charging him as a felon in possession of a firearm, pursuant to 18 U.S.C. § 922 must be reinstated.

### The Ex Post Facto Clause

The government contends that there are no ex post facto ramifications in this case because Defendant Williams possessed the instant weapons long after the enactment of M.C.L.A. § 750.224f.

Again, the merits of this argument need not be addressed as the previous discussion of whether his civil rights were restored is decisive on the matter before this Court.

NOW THEREFORE;

IT IS HEREBY ORDERED that the Government's motion for reconsideration is GRANTED and counts 4 and 6 of the superceding indictment charging Defendant Williams as a felon in possession of a firearm are reinstated.

GRANTED.

IT IS SO ORDERED.